IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDUARDO LEIVA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-12-342-W |
| | ) |
| WARDEN TRAMMEL, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

The threshold issue in the present habeas action is the timeliness of the amended petition. The petition was filed too late and habeas relief should be denied.

A one-year period of limitations exists; and the original habeas petition was filed, at the earliest, on March 21, 2012.[1] The Court can assume *arguendo* that the amended petition relates back to the date of the original petition.[2]

---

[1] The original petition was deemed "filed" on the day that Mr. Leiva had given the document to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). The Petitioner does not say when he had given the document to authorities for mailing. But the Court can assume *arguendo* that the petition was given to authorities for mailing on the day that he signed it (March 21, 2012). *See Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) ("Liberal application of the mailbox rule . . . causes us to treat the [habeas] petition as placed in the hands of prison authorities on the same day it was signed." (citation omitted)); *see also United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999) ("Because the only evidence of the date appellant gave his motion to prison authorities for mailing is his certificate of service, which contains a declaration in compliance with 28 U.S.C. § 1746, that he did so on April 21, appellant's motion was timely.").

[2] *See* Fed. R. Civ. P. 15(c)(1).

The one-year period begins when the conviction had become final.[3]

The trial court announced the conviction and sentence on May 27, 2009, and the court clerk file-stamped the judgment on June 4, 2009.[4] The conviction became final ten days after "pronouncement" of the sentence when Mr. Leiva did not file a motion for withdrawal of the guilty plea and the deadline expired.[5] The ten-day period expired on June 6, 2009. Because that day was a Saturday, Mr. Leiva acquired two additional days.[6] With those days, the conviction became final on June 8, 2009.

In some circumstances, the one-year period may not begin until after the conviction had become final. For example, Section 2244(d)(1)(C) provides that the limitations period begins when the Supreme Court newly recognizes a constitutional right that has been made retroactively available to cases on collateral review.

---

[3]  *See* 28 U.S.C. § 2244(d)(1)(A).

[4]  The Respondent states that the conviction took place on May 27, 2009, and the Petitioner refers to the date as June 4, 2009. The judgment reflects announcement of the sentence on May 27, 2009, and the document bears a file-stamp of June 4, 2009.

[5]  *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (stating that a conviction became final ten days after an Oklahoma defendant's entry of a guilty plea in the absence of a timely motion for withdrawal or direct appeal); Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals (stating that a defendant has ten days from "pronouncement of the Judgment and Sentence" to file a motion to withdraw the guilty plea).

[6]  *See* Okla. Stat. tit. 25 § 82.1(A), (C).

Because Mr. Leiva relies on *Padilla v. Kentucky*, __ U.S. __, 130 S. Ct. 1473 (2010), and *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012), the Court should consider whether they would satisfy 28 U.S.C. § 2244(d)(1)(C).[7]

In *Padilla*, the Supreme Court held that counsel may be ineffective by failing to advise a client before he pleads guilty that the conviction could result in deportation.[8] But, "*Padilla* does not apply retroactively to cases on collateral review."[9] As a result, the decision would not extend the limitations period under Section 2244(d)(1)(C).[10]

In *Frye*, the Supreme Court clarified that the Supreme Court had held that a failure to communicate plea offers can constitute ineffective assistance of counsel.[11] But Mr. Leiva

---

[7] Mr. Leiva also relies on a decision, called "Angilar v. I.C.E.," that he says was issued by the Supreme Court. He is apparently referring to an unpublished Tenth Circuit decision, *United States v. Aguilar-Perez*, 459 Fed. Appx. 791 (10th Cir. Mar. 14, 2012) (unpublished op.). Tenth Circuit decisions do not postpone the limitations period under Section 2244(d)(1)(C).

[8] *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473, 1486 (2010).

[9] *United States v. Hong*, 671 F.3d 1147, 1150 (10th Cir. 2011). A circuit split exists on this issue, as the Third Circuit Court of Appeals held that *Padilla* is retroactively applicable on collateral review. *United States v. Orocio*, 645 F.3d 630, 641 (3d Cir. 2011). The Supreme Court has recently granted *certiorari* on this issue. *Chaidez v. United States*, __ U.S. __, 132 S. Ct. 2101 (2012).

[10] *See United States v. Hong*, 671 F.3d 1147, 1159 (10th Cir. 2011) (holding that the limitations period was not extended under a provision virtually identical to 28 U.S.C. § 2244(d)(1)(C) because *Padilla* did not apply retroactively to cases on collateral review); *see also Rackley v. Keith*, 2011 WL 7452156, Westlaw op. at 6 (W.D. Okla. Nov. 9, 2011) (unpublished report and recommendation by magistrate judge) (holding that 28 U.S.C. § 2244(d)(1)(C) did not apply because *Padilla* was not retroactively applicable to cases on collateral review), *adopted*, 2012 WL 704984 (W.D. Okla. Mar. 2, 2012) (unpublished order by district judge).

[11] *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399, 1408 (2012).

does not allege a failure to communicate a plea offer. As a result, *Frye* does not apply to Mr. Leiva's claim.[12]

Without any tolling, the one-year period of limitations would have ended on June 8, 2010. But, statutory tolling is available when a petitioner properly files a petition for collateral review in state district court.[13]

Mr. Leiva filed three motions for modification of the sentence. The first two motions were pending a total of only two days. The third motion remained pending for 29 days.

The Respondent contends that these motions did not toll the limitations period. The Court can assume *arguendo* that they did. Still, the three motions would have resulted in only 31 days of tolling. With the 31 additional days, the limitations period would have ended on July 9, 2010.

Mr. Leiva also filed an application for post-conviction relief. This application remained pending in the state courts from June 9, 2011, to November 30, 2011 — a total of 174 days. With 174 additional days, the limitations period would have been extended from July 9, 2010, to December 30, 2010.

---

[12]  *See Clements v. Franklin*, 2012 WL 2344430, Westlaw op. at 5 (W.D. Okla. May 8, 2012) (unpublished report and recommendation by magistrate judge) (holding that *Missouri v. Frye* did not extend the limitations period under Section 2244(d)(1)(C) because the habeas petitioner did not allege a failure to communicate a favorable plea offer), *adopted*, 2012 WL 2358564 (W.D. Okla. June 20, 2012) (unpublished order by district judge).

[13]  *See* 28 U.S.C. § 2244(d)(2).

In some circumstances, the limitations period may be subject to equitable tolling.[14] But these circumstances do not exist here.

For equitable tolling, the petitioner must show an inability to timely file the petition because of an extraordinary circumstance.[15] In the amended petition, Mr. Leiva stated that he did not understand English. But a lack of proficiency in English does not trigger equitable tolling.[16] Thus, Mr. Leiva's allegation in the amended petition would not trigger equitable tolling.

Without equitable tolling, the one-year limitations period would have ended on December 30, 2010.[17] But, Mr. Leiva did not begin the present habeas action until March 21, 2012, at the earliest.[18]

---

[14] *See Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010) (holding that the habeas timeliness provision "is subject to equitable tolling" (citation omitted)).

[15] *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

[16] In a published decision, the Tenth Circuit Court of Appeals held that a habeas petitioner was not entitled to equitable tolling based on his allegation that English was his second language. *Yang v. Archuleta*, 525 F.3d 925, 928-30 (10th Cir. 2008). In arriving at this conclusion, the court stated: "Though we have not published a decision directly addressing proficiency in the English language, our unpublished decisions have consistently and summarily refused to consider such a circumstance as extraordinary, warranting equitable tolling." *Id.* at 929; *see also Gutierrez-Ruiz v. Trani*, 378 Fed. Appx. 797, 799 (10th Cir. May 18, 2010) (unpublished op.) (holding that equitable tolling was not justified when the habeas petitioner contended that he did not speak English); *Gomez v. Leyba*, 242 Fed. Appx. 493, 495 (10th Cir. June 20, 2007) (unpublished op.) (holding that a lack of familiarity with the English language is not an extraordinary circumstance justifying equitable tolling for purposes of the limitations period in habeas cases).

[17] *See supra* p. 4.

[18] *See supra* p. 1 & note 1.

Accordingly, the present action is untimely and the Court should deny habeas relief.

The Petitioner is advised of his right to object to this report and recommendation by August 10, 2012.[19] If the Petitioner does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The Petitioner is further advised that if he does not timely object, he would waive his right to appellate review over the suggested ruling.[20]

The referral is discharged.

Entered this 24th day of July, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[19] *See* 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 6(d), 72(b)(2).

[20] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).