**FILED**

IN THE UNITED STATES DISTRICT COURT FOR

MAR 2 6 2013

THE WESTERN DISTRICT OF OKLAHOMA

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

EDUARDO LEIVA, )
)
Petitioner, )
)
vs. ) No. CIV-12-342-W
)
WARDEN TRAMMELL, )
)
Respondent. )

## ORDER

On July 24, 2012, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus, as amended ("Petition"), see Docs. 1, 12, filed by petitioner Eduardo Leiva be dismissed as time-barred. Leiva was advised of his right to object, and the matter came before the Court on Leiva's Objection to Report and Recommendation [Doc. 22].

In the Report and Recommendation, Magistrate Judge Bacharach found inter alia that Leiva's reliance on Padilla v. Kentucky, 559 U.S. 356 (2010), was misplaced because in this circuit, "'Padilla does not apply retroactively to cases on collateral review." Doc. 20 at 3 (quoting United States v. Hong, 671 F.3d 1147, 1150 (10th Cir. 2011))(footnote omitted). Accordingly, Magistrate Bacharach opined that Padilla would "not extend the limitations period under [title 28, s]ection 2244(d)(1)(C) [of the United States Code]." Id. (footnote omitted).

Upon review of the parties' papers, see Docs. 24, 25, wherein the parties addressed whether the Court's consideration of Magistrate Judge Bacharach's Report and Recommendation should be deferred and this matter be held in abeyance until such time

as the United States Supreme Court had determined whether Padilla created a "new rule," Teague v. Lane, 489 U.S. 288, 301 (2012), of constitutional law and, if so, would not apply retroactively on collateral review, see Chaidez v. United States, 655 F.3d 684 (7th Cir. 2011), cert. granted, 132 S. Ct. 2101 (2012)(No. 11-820); compare Chaidez, 655 F.3d at 688 (Padilla not retroactive); United States v. Amer, 681 F.3d 211 (5th Cir. 2012)(Padilla not retroactive); United States v. Hong, 671 F.3d 1147 (10th Cir. 2011)(Padilla not retroactive), with United States v. Orocio, 645 F.3d 630 (3rd Cir. 2011)(Padilla applies retroactively), the Court on September 19, 2012, stayed this matter pending a determination by the Supreme Court of whether Padilla applies retroactively for purposes of timeliness. See Doc. 26.[1]

On February 20, 2013, respondent Anita Trammell, Warden, advised the Court that on that same day the Supreme Court had issued its decision in Chaidez, 133 S. Ct. 1103 (2013), and found that "Padilla does not have retroactive effect." Id. at 1105. In its opinion, the Supreme Court wrote that it had "announced a new rule in Padilla," id. at 1113, and thus, "[u]nder Teague, defendants whose convictions became final prior to Padilla . . . cannot benefit from its holding." Id.

Trammell urged this Court to vacate the stay in this case and dismiss Leiva's Petition, as amended, as untimely. Because the Supreme Court's judgment in Chaidez would not issue for at least twenty-five (25) days, see Rules 44, 45, Rules of the United

---

[1] The Court advised the parties that if the Supreme Court found that Padilla applies retroactively, the Court intended to vacate the stay so that the issue of exhaustion and, if appropriate, the merits of Leiva's Padilla claim may be considered. See Doc. 26. The parties were further advised that if the Supreme Court agreed with Chaidez, Amer and Hong, the Court intended to vacate the stay and dismiss as untimely Leiva's Petition, as amended. See id.

States Supreme Court, the Court on February 21, 2013, advised the parties that it intended to defer consideration of Trammell's request until the time for filing a petition for rehearing had expired, or if a petition for rehearing was timely filed, until the Supreme Court had acted on that petition. See Doc. 28.

The records of the Supreme Court, see Chaidez, No. 11-820, and the United States Court of Appeals for the Seventh Circuit, see Chaidez, No. 10-3623 [Doc. 50], now reflect that no petition for rehearing was timely filed and that the mandate issued on March 25, 2013.

Accordingly, the Court

(1) VACATES the stay imposed in this matter on September 19, 2012, see Doc. 26; and

(2) having determined after a de novo review that the applicable limitations period is not subject either to statutory or to equitable tolling, CONCURS with Magistrate Judge Bacharach's suggested disposition of this matter;

(3) ADOPTS therefore the Report and Recommendation [Doc. 20] filed on July 24, 2012; and

(4) DISMISSES as untimely filed Leiva's Petition, as amended.

ENTERED this 26th day of March, 2013.

/s/ Lee R. West
LEE R. WEST
UNITED STATES DISTRICT JUDGE